UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF N EW YORK

_____

UNITED STATES OF AMERICA,                                  **DECISION AND ORDER**

                                    Plaintiff,                    09-cr-00096-WMS-JJM-7

v.

BRADLEY BEUTLER,

                                    Defendant.

_____

          This case was referred to me by Hon. William M. Skretny, in accordance with 28

U.S.C. §636(b), for supervision of all pretrial matters [108].[1]  Before me is defendant Bradley

Beutler's second  motion of for reconsideration of his detention [543], which was orally argued

on July 28, 2011.  For the following reasons, the motion is again denied, without prejudice to

renewal at a later date.


                                        **BACKGROUND**

          By Order dated August 27, 2009 [138], I ordered defendant to be detained.  The

reasons for his detention are set forth in that Order.  On March 3, 2010, defendant initially moved

for reconsideration his detention [266], based primarily on the "serious due process" concerns

associated with the length of his detention, as well as "growing credibility issues with the

Government witnesses".  Dell Affidavit [266], ¶3.  I denied that motion, without prejudice to

renewal [303].

          Defendant's current motion is based upon 1) the due process concerns associated

with his "protracted" pretrial detention; 2)  the recently concluded outrageous government

_____

          [1]          Bracketed references are to the CM/ECF docket entries.

conduct and <u>Franks</u>[2] hearing, which he argues has  significantly affected the weight of evidence

against him; 3) the decreased risk of danger to David Ignasiak as result of  his whereabouts being

unknown to defendants; 4) newly discovered medical records, which he claims demonstrate that

he did not shoot William Slater in the ear in 2005; 5) the lack of evidence linking defendant to

the 2003 attempted murder of Justin Carine; and 6) the fact that the firearm seized from

defendant's residence at the time of his arrest has been ordered suppressed [480, 530]. Dell

Affidavit [543].  The government opposes the motion [568].

       Each of defendant's arguments will be addressed.

## ANALYSIS

**A.     Due Process**

       Although more than a year has elapsed since my decision denying defendant's

initial motion for reconsideration, for the reasons set forth in that decision I still conclude that

defendant's continued detention does not violate his due process rights.  In January of this year

Judge Skretny rejected defendant Robert Treadway's motion for reconsideration of his detention,

noting that "continued pretrial detention, now at approximately 20 months, does not raise

constitutional concerns: the government is not responsible for the delay; the charges against

Defendant are serious; and the government has set forth considerable evidence of Defendant's

dangerousness".  Order [446], ¶9. The same holds true for defendant Beutler.  His approximately

26 months of  pretrial detention, standing alone, does not violate due process.  *See*, *e.g.*, <u>United</u>

---

[2]      <u>Franks v. Delaware</u>, 438 U.S. 154 (1978).

States v. Millan, 4 F. 3d 1038 (2d Cir. 1993), cert. denied, 511 U.S. 1006 (1994) (30 months of detention does not violate due process).

Defendant also argues that "the many days of testimony regarding the Government's handling of informant David Ignasiak and its preparation of the Title III Applications have significantly affected the weight of evidence against the defendant . . . . What initially appeared to be a strong case on paper has become potentially much weaker than it was the last time that detention was addressed". Dell Affidavit [543], ¶6. However, although I have expressed concerns with some aspects of the government's case, I have not reached any definite conclusions. Moreoever, whatever I recommend will in any event be subject to review by Judge Skretny.

**B.      Risk of Danger[3]**

Even if I were to assume that defendant would no longer pose a risk of danger to David Ignasiak, this would not eliminate the risk of danger he poses to other members of the community.  As detailed in my initial detention decision, my concerns about the risk of danger defendant presented emanated from defendant's alleged violent conduct toward individuals other than Ignasiak, including William Slater and Justin Carine.

Defendant attempts to cast doubt upon these events by relying upon medical evidence indicating that Mr. Slater was shot in the leg rather than the ear during his altercation with defendant in 2005, and the absence of evidence linking defendant to the 2003 attempted

---

[3]      The government conceded at oral argument that defendant is not a flight risk.

murder of Mr. Carine.  Both of these incidents are the subject of the Third Superseding

Indictment [143](Fourth and Eighth Racketeering Acts).

"[W]hile a movant may certainly (and usually will) become aware of new

evidence as a result of discovery or investigation, and that evidence will almost certainly bear on

at least the 'weight of the evidence' and 'nature of the charge' factors considered during a

detention review, this Court believes that Congress intended new information to signify

something other than a defendant's own evaluation of the strength of the case against him: truly

changed circumstances, something unexpected, or a significant event". United States v.

Rodriguez-Adorno, 606 F.Supp.2d 232, 239 (D.Puerto Rico 2009).  Even casting aside the

alleged acts of violence against Slater and Carine, there are other incidents that evidence

defendant's dangerousness. For example, the Third Superseding Indictment charges defendant

with participating in the August 20, 2008 axe handle attack perpetrated against Eugene Siminski,

which has been the subject of significant testimony at the Franks and outrageous government

conduct hearing. [143] (Counts Eight and Nine).


**C.**    **Suppression of Defendant's Firearm**

Pursuant to my March 29, 2011 Report and Recommendation [480], subsequently

adopted by Judge Skretny [530], the firearm recovered from defendant's residence at the time of

his arrest has been suppressed. Defendant argues that this constitutes a changed circumstance

weighing in favor of his release. Dell Affidavit [543], ¶¶5, 11.  Although the government

concedes that this argument "has some merit" (government's Response [568], p. 9), it argues that

setting this evidence aside would have a "negligible" effect on the other evidence of defendant's dangerousness. Id.

I agree with the government. My decision to detain defendant was based primarily on his alleged acts of violence and attempted violence with a firearm against Carine and Slater, not merely his possession of a "shorty shotgun"[138], p. 2.  Therefore, I find no reason to reconsider my detention order at this time.

## CONCLUSION

For these reasons, defendant's motion for reconsideration of his pretrial detention [543] is denied, again without prejudice to renewal at a later date.

**SO ORDERED**.

DATED:        August 2, 2011

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge